UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MARINO ALMONTE,**
  **Petitioner**

  v.

**H.L. HUFFORD WARDEN,**
  **Respondent**

3:11cv2107

(Judge Munley)

## MEMORANDUM

Before the court for disposition is Marino Almonte's[1] "Emergency Petition for a Writ of Habeas Corpus" (Doc. 1) pursuant to 28 U.S.C. § 2241.  Marino Almonte ("petitioner") is an inmate incarcerated in the Federal Correctional Institution-Schuylkill ("FCI-Schuylkill").  The matter has been fully briefed and is ripe for disposition.

**Background**

Petitioner was convicted of illegal reentry to the United States in violation of 8 U.S.C. § 1326.  (Doc. 1, ¶ 1).  He was sentenced to thirty-six (36) months in prison.  (Id.)  Petitioner is currently imprisoned in the FCI-Schuylkill after he was transferred from a Federal Prison in Tennessee to be closer to his family in New York City.  (Id. ¶ 2).  He is scheduled to be released from prison on March 14, 2012.  (Id. ¶ 3).  It appears that petitioner will be deported to the Dominican Republic following his release.  (Id. ¶ 4).

In July 2009, petitioner claims that after a series of medical problems and treatments at FCI-Schuylkill, he experienced severe, debilitating and life-threatening health problems.  (Id. ¶ 7).  FCI-Schuylkill diagnosed

---

[1] The government indicates that there was a typographical error in the petition identifying petitioner as Marino Almonte.  However, the prison medical records properly identify him as Marino Maximili Almonte-Rosa.

petitioner as having H-Pylori, a bacterial infection of the stomach that is associated with peptic ulcers. (Doc. 1, ¶ 7, Doc. 3, Ex. 1).

Following the diagnosis, petitioner received treatment from July 2011 to September 2011. (Doc. 1, ¶ 8). The treatment consisted mainly of antibiotic prescriptions. During those two months, petitioner experienced weight loss of approximately fifty (50) pounds. (Id. ¶ 9). He claims that the treatment was unsuccessful and that his symptoms continue. He also claims that he spits up blood and excretes blood in his bowel movements. (Id. ¶ 10). Petitioner believes that if these symptoms continue he will not survive until the date of his scheduled release in March. (Id. ¶ 11).

Petitioner submitted various letters to administrative officials, elected officials, and other media outlets, but no one responded. (Id. ¶ 13). He unsuccessfully petitioned for transfer to the Western District of Tennessee, where he was convicted. (Id. ¶ 15). He also claims that he exhausted his administrative remedies with the prison's medical staff. (Id. ¶ 17).

Based on the foregoing, petitioner brings this emergency petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner requests the following relief: an immediate evidentiary hearing in support of his emergency petition; early release from FCI-Schuylkill and immediate deportation to the Dominican Republic; release to a halfway house, where petitioner will serve the remainder of his sentence; immediate furlough to a hospital for diagnosis and treatment; an independent medical examination at Schuylkill; and/or a temporary restraining order against the staff at FCI-Schuylkill. (Doc 1, ¶ 23).

Upon receipt of the emergency petition, we ordered the government to respond within five (5) days. (Doc. 2). The government timely filed a

response to the petition on November 15, 2011.  (Doc. 3).  Upon review of the case, we find that no hearing is needed and that the matter is ripe for disposition.

**Jurisdiction**

Because this case is brought under 28 U.S.C. § 2241 ("Section 2241"), the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Section 2241 "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). The federal habeas statute also requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 n.3 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488,490-91 (1989)).

Section 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady, 251 F.3d at 485. Although the Third Circuit Court of Appeals has yet to clearly define the meaning of "execution" in this context, it has cited approvingly holdings from other circuits finding that a Section 2241 motion properly challenges "'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005) (quoting Jimian v. Nash, 245

F.3d 144, 147 (2d Cir. 2001)).

**Discussion**

In response to petitioner's emergency motion, respondent argues that habeas relief is not appropriate, where as here, petitioner is not challenging the validity of his detention or the length of his sentence, but instead the conditions of his confinement.  See Leamer v. Fauver, 288 F.3d 532, 543 (3d Cir. 2002); Preiser v. Rodriguez, 411 U.S. 475, 498 (1973).  We agree.

The Third Circuit Court of Appeals has emphasized that "whenever the challenge ultimately attacks the 'core of habeas'-the validity of the continued conviction or the fact or length of the sentence-a challenge . . . must be brought by way of a habeas corpus petition."  See Leamer, 288 F.3d at 543.  However, in this action, petitioner does not challenge the fact or length of his confinement, but rather the conditions of that confinement and the treatment he is receiving.  Courts have held that habeas corpus is not the proper vehicle for a prisoner to challenge medical treatment received in prison.  See Lee v. Williamson, 297 F.App'x 147, 148 (3d Cir. 2008).

While granting the petitioner's request to release him to another facility would in effect shorten the length of his incarceration, the essence of his challenge is truly the conditions and medical treatment he is receiving during his confinement.  Because the petitioner was not entitled to use a writ of habeas corpus to secure this type of relief, the petitioner's writ of habeas corpus is not properly before the court.

Petitioner's challenge to the conditions of his confinement and his medical treatment could have been filed in a civil rights action pursuant to

Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 389 (1971), or in a civil action for declaratory or injunctive relief. Therefore, the court will dismiss this petition without prejudice, so that petitioner may later file a separate action under Bivens if he so decides.[2]

**Conclusion**

For the reasons stated above, the court will deny the petition without prejudice. An appropriate order follows.

---

[2] We make no determination as to the merits of petitioner's claim if he should decided to file a Bivens civil rights action. We simply note that his challenge as to the conditions of his confinement would be more appropriately brought under a separate civil action.

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MARINO ALMONTE,** **Petitioner** | 3:11cv2107 |
| v. | (Judge Munley) |
| **H.L. HUFFORD WARDEN,** **Respondent** | |

## **ORDER**

**AND NOW**, to wit, this 17th day of November 2011, Marino Almote's "Emergency Petition for Writ of Habeas Corpus" (Doc. 1) is hereby **DISMISSED**.  The Clerk of Court is directed to **CLOSE** this case.

**BY THE COURT:**

**s/ James M. Munley
JUDGE JAMES M. MUNLEY
UNITED STATES DISTRICT COURT**

6